UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SCOTT A. KROLL, | Civil No. 05-915 (JRT/RLE) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| ST. CLOUD HOSPITAL, | |
| Defendant. | |

---

Scott A. Kroll, 8577 Imperial Road, Royalton, MN 56373, pro se plaintiff.

Jacqueline M. Schuh, Paul R. Harris, and Tad S. Pethybridge, **HUGHES MATHEWS**, P.O. Box 548, 110 Sixth Avenue South, Suite 200, St. Cloud, MN 56302-0548, for defendant.

Plaintiff Scott Kroll was an employee of defendant, St. Cloud Hospital, for over ten years. He became permanently disabled in April 2000, and he sought a disability pension from defendant's Disability Retirement Plan ("the Plan"). The Plan limited eligibility for disability pensions to employees who were at least 45 years old. Because Kroll became disabled at 40 years old, defendant denied Kroll a disability pension.

Kroll brought this action alleging that defendant engaged in reverse age discrimination by denying him benefits under the Plan. On May 19, 2005, defendant moved to dismiss plaintiff's complaint for failure to state a claim. Defendant's motion is premised on its assertion that plaintiff has failed to state a claim under the Age Discrimination in Employment Act ("ADEA") that he has failed to exhaust his

administrative remedies under the Americans with Disabilities Act ("ADA"), and that any claim under the Minnesota Human Rights Act ("MHRA") is time-barred. The Court referred the motion to United States Magistrate Judge Raymond L. Erickson for a Report and Recommendation, and this matter is before the Court on plaintiff's objections to the Magistrate Judge's Report and Recommendation. The Magistrate Judge recommended that plaintiff's informal motion to appoint counsel be denied and that defendant's motion to dismiss be granted as to all claims.

The Court has reviewed *de novo* plaintiff's objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). The Court concludes that plaintiff's informal motion to appoint counsel should be granted. The Court agrees with the Magistrate Judge that defendant's motion to dismiss should be granted with respect to the ADEA and ADA claims. The Court defers ruling on the MHRA claim, however, so the Court may consider further briefing by the parties after plaintiff receives the benefit of counsel.

## ANALYSIS

**I.      Plaintiff's Informal Motion To Appoint Counsel**

Plaintiff's request for court-appointed counsel is predicated on his assertion that he has been unable to obtain legal representation in this matter, due to a lack of funds, the complexity of the case, and his "mental status and the undesirable history leading to my current mental and physical health status." (Pl.'s Mem. In Opp'n to Def.'s Motion to Dismiss, at 6.) "[U]nder circumstances the court deems just, the court may appoint an

attorney for the person and may authorize the commencement of the action without payment of fees, costs, or security." Minn. Stat. § 363A.33, subd. 4. The Court is satisfied that plaintiff has been unsuccessful in a good faith effort to obtain counsel, and that plaintiff and the Court will substantially benefit from the appointment of counsel. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). Thus, the Court grants plaintiff's informal motion to appoint counsel.

## II.     Defendant's Motion to Dismiss

### A.     Standard of Review

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiff, as the non-moving party. *See, e.g., Bhd. of Maint. of Way Employees. v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001). A motion to dismiss a complaint should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

### B.     Age Discrimination in Employment Act

Plaintiff claims that defendant violated the ADEA when it denied plaintiff a disability benefit because plaintiff had not reached age 45 when he became disabled. Plaintiff's claim of reverse age discrimination fails because the ADEA "does not mean to stop an employer from favoring an older employee over a younger one." *Gen. Dynamics Land Sys. v. Cline*, 540 U.S. 581, 601 (2004). Plaintiff's attempt to distinguish this case

is unpersuasive. Accordingly, the Court grants defendant's motion to dismiss the ADEA claim.

**C.     ADA**

To pursue a claim of discrimination under the ADA, a plaintiff must exhaust administrative remedies. *McKenzie v. Lunds, Inc.*, 63 F. Supp. 2d 986, 1000 (D. Minn. 1999). Plaintiff filed an administrative charge with the Minnesota Department of Human Rights ("MDHR"), which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"), but there is nothing in plaintiff's charge that would have provided notice of a claim for disability discrimination. The charge only mentions age discrimination, and the Court finds that the ADA claim does not fall within the scope of plaintiff's charge of age discrimination. *See Russell v. TG Mo. Corp.*, 340 F.3d 735, 748 (8th Cir. 2003). In his objection to the Report and Recommendation, plaintiff states that the intake questionnaire used by the MDHR is "riddled with answers referring to the ADA." Comments on an intake questionnaire are irrelevant to the question of whether plaintiff exhausted his administrative remedies. *See Russell*, 340 F.3d at 747. Even if plaintiff had exhausted his administrative remedies, his ADA claim nevertheless fails because he did not allege any conduct in his complaint that could be interpreted as disability discrimination. Accordingly, the Court grants defendant's motion to dismiss the ADA claim.

**D.     MHRA**

Unlike the ADEA, the MHRA prohibits reverse age discrimination. *Ace Elec. Contractors v. Int'l Bhd. Of Elec. Workers, Local Union No. 292*, 414 F.3d 896, 902-03 (8th Cir. 2005). Plaintiff's complaint does not specifically allege a claim under the MHRA,[1] but the Court construes the pro se complaint liberally and considers the viability of a MHRA claim. Defendant asserts that plaintiff's action is time-barred because he did not file this lawsuit within 45 days of receiving notice that the MDHR had determined not to process the charge. *See* Minn. Stat. § 363A.33, subd. 1(1). In his objection to the Report and Recommendation, plaintiff explains that he understood that the informal process would not be complete until he received a decision from the EEOC. Plaintiff received his notice of rights from the EEOC on January 13, 2005, which stated that plaintiff must file a lawsuit within 90 days of receipt of that notice. Plaintiff filed his lawsuit on April 13, 2005, which is within the 90-day window.

The 45-day limitation set forth in the MHRA is not a jurisdictional limitation, but operates in the nature of a statute of limitations and is subject to equitable tolling and estoppel. *Anderson v. Unisys Corp.*, 47 F.3d 302, 305-06 (8th Cir. 1995). The Court defers ruling on the MHRA claim, so the Court may consider further briefing by the parties after plaintiff receives the benefit of counsel.

---

[1] Plaintiff alleges that he filed an administrative charge with the Minnesota Department of Human Rights, which appears to be based on claimed violations of the MHRA.

**ORDER**

Based on the foregoing and all of the records, files, and proceedings herein, the Court **SUSTAINS in part** [Docket No. 24] and **OVERRULES in part** [Docket No. 346] the objections of plaintiff and **ADOPTS in part** and **REJECTS in part** the Magistrate Judge's Report and Recommendation [Docket No. 23]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's informal motion to appoint counsel [Docket No. 15] is **GRANTED**. A separate order appointing counsel will be issued.

2. Defendant's motion to dismiss [Docket No. 2] is **GRANTED** as to the ADEA and ADA claims, but the Court **DEFERS** judgment on the MHRA claim.

   **IT IS HEREBY FURTHER ORDERED** that:

3. Plaintiff's supplemental response to Defendant's Motion to Dismiss [Docket No. 2] will be due within **45 days** of the date of the order appointing counsel for plaintiff. Defendant will then have **20 days** to file a supplemental reply.

DATED: January 20, 2006  
at Minneapolis, Minnesota.

                                                s/ John R. Tunheim  
                                                JOHN R. TUNHEIM  
                                                United States District Judge