**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| SCOTT A. KROLL, | Civil No. 05-915 (JRT/RLE) |
| Plaintiff, | |
| v. | **ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| ST. CLOUD HOSPITAL, | |
| Defendant. | |

---

Thomas A. Harder, **FOLEY & MANSFIELD, PLLP**, 250 Marquette Avenue, Suite 1200, Minneapolis, MN 55401, for plaintiff.

Paul R. Harris, Tad Pethybridge and Jacqueline M. Schuh, **HUGHES MATHEWS**, P.O. Box 548, 110 Sixth Avenue South, Suite 200, St. Cloud, MN 56302-0548, for defendant.

Plaintiff Scott Kroll was an employee of defendant, St. Cloud Hospital, for over ten years. He became permanently disabled in April 2000, and he sought a disability pension from defendant's Disability Retirement Plan ("the Plan"). The Plan limited eligibility for disability pensions to employees who were at least 45 years old. Because Kroll became disabled at 40 years old, defendant denied Kroll a disability pension.

Kroll brought this action alleging that defendant engaged in reverse age discrimination by denying him benefits under the Plan. On May 12, 2005, defendant removed the case to federal court, and on May 19, 2005, defendant moved to dismiss plaintiff's complaint for failure to state a claim. The Court referred the motion to United

States Magistrate Judge Raymond L. Erickson for a Report and Recommendation, and the Magistrate Judge recommended that plaintiff's informal motion to appoint counsel be denied and that defendant's motion to dismiss be granted as to all claims. Plaintiff filed timely objections to the Report and Recommendation.

In an Order dated January 20, 2006, the Court reviewed *de novo* plaintiff's objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). The Court concluded that plaintiff's informal motion to appoint counsel should be granted. The Court agreed with the Magistrate Judge that defendant's motion to dismiss should be granted with respect to the Age Discrimination in Employment Act ("ADEA") and Americans with Disabilities Act claims. The Court deferred ruling on plaintiff's Minnesota Human Rights Act ("MHRA") claim, so the Court could consider further briefing by the parties after plaintiff received the benefit of counsel. The Court has considered this briefing, and for the reasons explained below, the Court denies defendant's motion to dismiss the MHRA claim.

## ANALYSIS

### I. Standard of Review

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiff, as the non-moving party. *See, e.g., Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001). A motion to dismiss a complaint should not be granted unless it appears beyond a doubt that

plaintiff can prove no set of facts that would entitle plaintiff to relief. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

## II.   Equitable Tolling of Plaintiff's Minnesota Human Rights Act Claim

Plaintiff's complaint does not specifically allege a claim under the MHRA, but he filed an administrative charge with the Minnesota Department of Human Rights, which appears to be based on claimed violations of the MHRA.[1] The Magistrate Judge concluded, and this Court agrees, that the viability of a MHRA claim should be considered because plaintiff was pro se at the time of filing the complaint and pro se pleadings must be construed liberally. The Magistrate Judge concluded that plaintiff's claim was time-barred. On this point, the Court disagrees.

Plaintiff did not file this lawsuit within 45 days of receiving notice that the MDHR had determined not to process the charge. *See* Minn. Stat. § 363A.33, subd. 1(1). However, the 45-day limitation set forth in the MHRA is not a jurisdictional limitation; it operates in the nature of a statute of limitations and is subject to equitable tolling and estoppel. *Anderson v. Unisys Corp.*, 47 F.3d 302, 305-06 (8th Cir. 1995).

Equitable tolling may be justified when "an administrative agency misleads a complainant, particularly one who is without the benefit of counsel . . . ." *Id.* at 306-07; *see Warren v. Dept. of Army*, 867 F.2d 1156 (8th Cir. 1989) (permitting equitable tolling

---

[1] As an initial matter, defendant urges the Court to dismiss the action on the ground that the Court lacks subject matter jurisdiction because no federal question survived defendant's motion to dismiss. Although the Court has the discretion to decline to exercise jurisdiction in this case, the Court is familiar with this litigation and therefore chooses to exercise jurisdiction over the remaining state law claim. *See* 28 U.S.C. § 1367(c)(3); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002).

because of misleading right to sue letter issued by EEOC).  However, "[e]quitable tolling is not an excuse to be invoked by those failing to exercise reasonable diligence." *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 798 (8th Cir. 1998).

Plaintiff asserts that he was misled by correspondence with the MDHR and EEOC.  To begin, plaintiff received a letter dated July 8, 2004, which explained that the investigation of his MDHR charge had been delegated to the Milwaukee office of the EEOC.  He was told that his charge filed with the MDHR was "dual filed" with the Milwaukee District Office of the EEOC, and that the charge was sent to that agency for "initial action."  The last paragraph stated that plaintiff would be hearing from "the agency" and that he should cooperate with them.  The letter included simultaneous references to both the EEOC and the MDHR, and plaintiff was not sure which agency authored the letter.

On October 18, 2004, plaintiff received his right to sue letter from MDHR.  The letter explained that the EEOC would automatically review the state's final action because his charge included a claim under the Americans with Disabilities Act.  Plaintiff called the MDHR on October 26, 2004 to confirm the automatic cross-filing with the EEOC.  According to plaintiff, MDHR specifically instructed plaintiff that he could not take any further action on his state claims because the matter involved both state and federal questions, and that he must wait until the EEOC concluded its investigation.  On October 28, 2004, plaintiff followed up with a call to the EEOC, and plaintiff asserts that the EEOC also told him that he must wait.

Based on his correspondence with the agencies, plaintiff explains that he understood that the informal process would not be complete until he received a decision from the EEOC. Plaintiff received his notice of rights from the EEOC on January 13, 2005, which stated that plaintiff must file a lawsuit within 90 days of receipt of that notice. Plaintiff filed his lawsuit on April 13, 2005, which was within the 90-day window.

The Court finds that the agencies' correspondence with plaintiff could easily mislead a claimant unassisted by counsel as to which agency was responsible for the file and which statute of limitations was applicable to his claim. Plaintiff telephoned the agencies numerous times and did all that he reasonably believed to be required of him.[2] Equitable tolling is justified under these circumstances. As such, the Court concludes that plaintiff's MHRA claim is not time-barred.

### III.  Reverse Age Discrimination Under the Minnesota Human Rights Act

In its Order dated January 20, 2006, this Court granted defendant's motion to dismiss the ADEA claim because the ADEA does not prohibit reverse age discrimination. *See Gen. Dynamics Land Sys. v. Cline*, 540 U.S. 581, 596 (2004). Unlike the ADEA, the MHRA does prohibit reverse age discrimination. *Ace Elec. Contractors v. Int'l Bhd. Of Elec. Workers, Local Union No. 292*, 414 F.3d 896, 902-03 (8th Cir. 2005). The MHRA explicitly prohibits employers from making employment decisions based on the age of

---

[2] Plaintiff asserts that he called the MDHR and the EEOC more than twelve times in ten months. Plaintiff submitted phone records that confirm 24 phone calls to various agencies.

the employee, as long as the employee is over the age of 18. Minn. Stat. §§ 363A.03 subd. 2, 363A.08 subd. 2.

Plaintiff alleges – and defendant does not dispute – that he was denied disability benefits under the Plan because of his age. Indeed, defendant explains that the Plan was designed to protect older workers, and because plaintiff became disabled when he became 40, rather than 45, he was not qualified for the benefit.

However, defendant argues that the Plan falls within an exemption provided by the MHRA.[3] The MHRA provides,

> With respect to age discrimination, the provisions of section 363A.08 do not apply to a practice by which a labor organization or employer offers or supplies varying insurance benefits or other fringe benefits to members or employees of differing ages, so long as the cost to the labor organization or employer for the benefits is reasonably equivalent for all members or employees.

Minn. Stat. § 363A.20, subd. 6.

This exception to the MHRA applies only if the employer demonstrates that the cost for the varying benefits is reasonably equivalent for all members and employees. *See State by Beaulieu v. Indep. Sch. Dist. No. 624*, 533 N.W.2d 393, 395 (Minn. 1995) (rejecting defendant's attempt to apply the MHRA exception in a motion for summary judgment "because the costs to [defendant] have not been shown to be 'reasonably equivalent' between qualifying and non-qualifying members."). Defendant has not

---

[3] The Court notes that the Plan here is a "Church Plan," which is not subject to ERISA. 29 U.S.C. § 1003(b)(2) (exempting church plans); *cf. Mahoney v. Northwest Airlines Pension Plan for Contract Employees*, 2004 WL 114946, *5 (D. Minn. Jan. 8, 2004) (explaining that any reverse age discrimination claim under the MHRA would have been preempted by ERISA because the employee benefit plan at issue was regulated by ERISA).

offered proof that the costs of the disability benefit are reasonably equivalent for all members or employees. Moreover, the issue on a motion to dismiss is whether plaintiff has pled a cognizable cause of action, not whether a factual defense exists.[4]

## ORDER

Based on the foregoing, and all of the records, files, and proceedings herein, the Court **OVERRULES in part** the objections of the plaintiff [Docket No. 24], and **ADOPTS in part and REJECTS in part** the Magistrate Judge's Report and Recommendation [Docket No. 23] as set forth here and in the Order dated January 20, 2006 [Docket No. 28]. Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss [Docket No. 2] is **DENIED** as to the MHRA claim.

DATED:   June 30, 2006                             s/ John R. Tunheim       _
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                     United States District Judge

---

[4] Finally, defendant asserts for the first time in its supplemental briefing that the ADEA preempts the MHRA. The Court declines to address this argument at this time because it is outside the scope of the supplemental briefing requested by the Court.